# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br>    Plaintiff,<br>v.<br>ABDULNASSER ALSUMAIRI,<br>    Defendant. | Case No. 18-cv-00464-KAW<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; REQUIRING STATUS REPORT**<br><br>Re: Dkt. No. 74 |

On January 29, 2019, Plaintiff filed a notice of settlement as to Defendant Abdulnasser Alsumairi. (Dkt. No. 52.). On February 4, 2019, the Court ordered Plaintiff to file a dismissal of Defendant Alsumairi within 60 days. (Dkt. No. 54.)

Plaintiff did not file the dismissal of Defendant Alsumairi. On May 28, 2019, Plaintiff and Defendant Alsumairi filed a joint status report. (Dkt. No. 62.) The parties stated that Defendant Alsumairi's counsel, Attorney Michael Welch, "has not been terribly responsive." (*Id.* at 2.) On May 6, 2019, Attorney Welch informed Plaintiff that Defendant Alsumairi had mailed the payment to Attorney Welch's office, and that Attorney Welch would forward the payment without delay. (*Id.*) As of May 28, 2019, however, Plaintiff had not received the settlement funds. (*Id.*)

On July 17, 2019, the Court ordered Plaintiff to file a dismissal of the case or a status report within 60 days. (Dkt. No. 69.) The Court further stated: "If Attorney Welch has not forwarded the settlement payment by then, Attorney Welch shall explain why he has failed to do so, and explain why he should not be sanctioned and/or reported to the State Bar." (*Id.* at 2.)

On September 13, 2019, Plaintiff filed a unilateral status report, stating that he had still not received payment and the settlement had not been consummated. (Dkt. No. 73 at 2.) Plaintiff further stated that Attorney "Welch has made no efforts since this Court's July Order to move

settlement forward in any way," and that although Plaintiff's counsel had called, e-mailed, and attempted to meet and confer with Attorney Welch, "each effort was ignored." (*Id.*) Plaintiff attached various e-mails to Attorney Welch that he had failed to respond to, including e-mails on August 15, August 21, September 12, and September 13. (Seabock Decl., Exh. 1.) The e-mail chain also included e-mails in which Attorney Welch repeatedly stated that the money would be sent, but then apparently failed to do so. (*Id.*) Plaintiff further attached a September 6, 2019 letter sent to Attorney Welch, raising the payment issue. Plaintiff stated that he would likely move to enforce the terms of the settlement agreement, or to request that the case be reopened and seek default against Defendant Alsumairi.

Attorney Welch did not file a response, despite the Court's July 17, 2019 order. On September 17, 2019, the Court issued an order to show cause, requiring Attorney Welch to explain: (1) why he had not provided the settlement payment, and (2) why he had not complied with the Court's order. (Order to Show Cause at 2, Dkt. No. 74.) The Court warned that failure to comply would result in the imposition of sanctions and referral to the Northern District of California's Standing Committee on Professional Conduct and the California State Bar. The Court set a show cause hearing for October 3, 2019, and ordered Attorney Welch to personally appear. (*Id.*)

Attorney Welch again failed to file a response. Instead, on October 3, 2019, only a few hours before the show cause hearing, Attorney Welch informed the Court that he had a medical emergency. (Dkt. No. 76.) The Court continued the show cause hearing to October 17, 2019, and ordered Attorney Welch to produce evidence of his medical emergency with a sworn affidavit on or before the next hearing. (*Id.*)

On October 17, 2019, the Court held the show cause hearing. (Dkt. No. 79.) Attorney Welch appeared at the hearing and provided a document, dated September 30, 2019, reminding him that he had a scheduled medical appointment in Sacramento on the morning of October 3, 2019. Attorney Welch did not provide the required affidavit, nor did he adequately explain why he did not earlier inform the Court of the conflict. With respect to his failure to comply with the Court's orders, Attorney Welch stated that he had suffered a stroke in June 2019, which had

limited his ability to practice and resulted in him referring out his cases and withdrawing from others. Additionally, at the hearing, Plaintiff's counsel clarified that they **had**, in fact, received two payments on May 24, 2019 and August 6, 2019, and that there was an outstanding balance of $4,500.[1] Attorney Welch indicated that his client had mailed the $4,500 directly to Plaintiff's counsel, although Plaintiff's counsel had not yet received it.

In light of Attorney Welch's health problems and the fact that Attorney Welch has, despite Plaintiff's assertions, been moving forward with the settlement payments, the Court DISCHARGES the order to show cause. The Court is concerned, however, that despite Attorney Welch's assertion that his ability to practice is limited and that he had been referring out his cases, it appears that he has continued to take on **new** cases since his June 2019 stroke. (*See* Case No. 19-cv-3878-KAW, *Shaw v. Sparky's Restaurant Co.*, Dkt. No. 12 (Aug. 19, 2019) (Attorney Welch's first appearance); Case No. 19-cv-3181-RS, *Hernandez v. KB San Mateo, LLC*, Dkt. No. 8 (July 24, 2019) (same); Case No. 19-cv-4033-RS, *Ridola v. Stevens Creek Surplus Department Store Inc.*, Dkt. No. 10 (Oct. 1, 2019) (same); Case No. 19-cv-4702, *Johnson v. Saberi*, Case No. 19-cv-2571-EJD, Dkt. No. 12 (July 30, 2019) (same); Case No. 19-cv-4705-EJD, *Love v. Walia*, Dkt. No. 11 (September 16, 2019) (same).) Further, in light of his appearances and filings in these other cases, it is unclear to the Court why Attorney Welch failed to respond to the Court's orders in this case, or why Attorney Welch represented that he had a medical emergency on October 3, 2019, when his unavailability was due to a pre-scheduled medical appointment. The Court also notes that it is aware Attorney Welch has been referred to the Northern District of California's Committee on Professional Responsibility on similar issues in another pending case. Accordingly, Attorney Welch is forewarned of his obligation to comply with all Court orders, or risk sanction.

The parties shall file a joint status report by **November 1, 2019**. If Attorney Welch does not ensure that the settlement is paid by that date, and fails to adequately explain the delay, the Court **will** refer Attorney Welch to the Northern District of California's Committee on

---

[1] This directly contradicts Plaintiff's assertion in the September 13, 2019 status report that Attorney Welch had made no efforts to move settlement forward since the July 17, 2019 order, and that Plaintiff had not received payment. (*See* Dkt. No. 73 at 2.)

Professional Responsibility and the California State Bar.

IT IS SO ORDERED.

Dated: October 21, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge